UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMAND TORRES,<br><br>        Petitioner,<br><br>    v.<br><br>GREG LEWIS, Warden,<br><br>        Respondent. | Case No.: 1:13-cv-00334-JLT<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS (Doc. 13)<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR VIOLATION OF 28 U.S.C. § 2244(d) (Doc. 1)<br><br>ORDER DIRECTING CLERK OF THE COURT TO ENTER JUDGMENT AND CLOSE THE FILE<br><br>ORDER DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY |

Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On March 29, 2013, Petitioner filed his written consent to the jurisdiction of the United States Magistrate Judge for all purposes. (Doc. 10). On March 29, 2013, Respondent filed his written consent to the jurisdiction of the United States Magistrate Judge for all purposes. (Doc. 12).

**PROCEDURAL HISTORY**

The instant petition was filed on January 14, 2013,[1] in the United States District Court for the

---

[1] In Houston v. Lack, the United States Supreme Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the actual date of its receipt by the court

1

Northern District of California, challenging Petitioner's 2009 conviction in the Tulare County Superior Court for kidnapping and two counts of assault with a firearm, plus a gang enhancement, resulting in a sentence of seventeen years to life. (Doc. 1). The case was transferred to this Court on March 8, 2013. (Doc. 4). On March 13, 2013, the Court ordered Respondent to file a response within sixty days. (Doc. 7). On April 29, 2013, Respondent filed the instant motion to dismiss, contending that the petition was untimely and should be dismissed. (Doc. 13). Petitioner requested and was granted an extension of time to file his opposition to the motion to dismiss; however, the time to file the opposition has expired and, to date, no opposition has been filed.

## DISCUSSION

A. Procedural Grounds for Motion to Dismiss

As mentioned, Respondent has filed a Motion to Dismiss the petition as being filed outside the one year limitations period prescribed by Title 28 U.S.C. § 2244(d)(1). Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed Respondent's to file a Motion to Dismiss in lieu of an Answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a Respondent can file a Motion to Dismiss after the court orders a response, and the Court should use

---

clerk. Houston v. Lack, 487 U.S. 166, 276, 108 S.Ct. 2379, 2385 (1988). The rule is premised on the pro se prisoner's mailing of legal documents through the conduit of "prison authorities whom he cannot control and whose interests might be adverse to his." Miller v. Sumner, 921 F.2d 202, 203 (9th Cir. 1990); see Houston, 487 U.S. at 271. The Ninth Circuit has applied the "mailbox rule" to state and federal petitions in order to calculate the tolling provisions of the AEDPA. Saffold v. Neland, 250 F.3d 1262, 1268-1269 (9th Cir. 2000); Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th Cir. 2003). The date the petition is signed may be considered the earliest possible date an inmate could submit his petition to prison authorities for filing under the mailbox rule. Jenkins v. Johnson, 330 F.3d 1146, 1149 n. 2 (9th Cir. 2003). Accordingly, for all of Petitioner's state petitions and for the instant federal petition, the Court will consider the date of signing of the petition (or the date of signing of the proof of service if no signature appears on the petition) as the earliest possible filing date and the operative date of filing under the mailbox rule for calculating the running of the statute of limitation. Petitioner signed the instant petition on January 14, 2013. (Doc. 1, p. 7).

Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's Motion to Dismiss is based on a violation of 28 U.S.C. § 2244(d)(1)'s one year limitation period.  Because Respondent's Motion to Dismiss is similar in procedural standing to a Motion to Dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal Answer, the Court will review Respondent's Motion to Dismiss pursuant to its authority under Rule 4.

### B. Limitation Period For Filing Petition For Writ Of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).  The instant petition was filed on January 14, 2013, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date the petitioner's direct review became final. Here, the Petitioner was convicted on July 20, 2009. (Lodged Document ("LD") 1). On direct appeal to the California Court of Appeal, Fifth Appellate District ("5th DCA"), the appellate court, inter alia, vacated the kidnapping sentence and remanded it for resentencing. (LD 2). The California Supreme Court denied review on December 15, 2010. (LD 3, 4). On February 8, 2011, Petitioner was re-sentenced by the Superior Court, and, on February 25, 2011, a new abstract of judgment was issued. (LD 5). Petitioner did not appeal from the new sentence.

California state law governs the period within which Petitioner would have to file an appeal and, in turn, that law governs the date of finality of his conviction. See, e.g., Mendoza v. Carey, 449 F.3d 1065, 1067 (9th Cir. 2006); Lewis v. Mitchell, 173 F.Supp.2d 1057, 1060 (C.D. Cal. 2001)(California conviction becomes final 60 days after the superior court proceedings have concluded, citing prior Rule of Court, Rule 31(d)). Pursuant to California Rules of Court, Rule 8.308(a), a criminal defendant convicted of a felony must file his notice of appeal within sixty days of the rendition of judgment. See People v. Mendez, 19 Cal.4th 1084, 1086, 969 P.2d 146, 147 (1999)(citing prior Rule of Court, Rule 31(d)).

Because Petitioner did not file a notice of appeal from the February 8, 2011 resentencing, his direct review concluded on April 9, 2011, when the sixty-day period for filing a notice of appeal expired. The one-year period under the AEDPA would have commenced the following day, on April 10, 2011, and Petitioner would have had one year from that date, or until April 9, 2012, within which to file his federal petition for writ of habeas corpus. See Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir.2001).

As mentioned, the instant petition was filed on January 14, 2013, over thirteen months after the date the one-year period expired. Thus, unless Petitioner is entitled to either statutory or equitable tolling, the instant petition is untimely and must be dismissed.

C.   Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Under the AEDPA, the statute of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court. 28 U.S.C. §

2244(d)(2).  A properly filed application is one that complies with the applicable laws and rules governing filings, including the form of the application and time limitations.  Artuz v. Bennett, 531 U.S. 4, 8, 121 S. Ct. 361 (2000).  An application is pending during the time that 'a California petitioner completes a full round of [state] collateral review," so long as there is no unreasonable delay in the intervals between a lower court decision and the filing of a petition in a higher court.  Delhomme v. Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003), abrogated on other grounds as recognized by Waldrip v. Hall, 548 F. 3d 729 (9th Cir. 2008)(per curium)(internal quotation marks and citations omitted); see Evans v. Chavis,  546 U.S. 189, 193-194, 126 S. Ct. 846 (2006); see Carey v. Saffold, 536 U.S. 214, 220, 222-226, 122 S. Ct. 2134 (2002); see also, Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

　　　　Nevertheless, there are circumstances and periods of time when no statutory tolling is allowed.  For example, no statutory tolling is allowed for the period of time between finality of an appeal and the filing of an application for post-conviction or other collateral review in state court, because no state court application is "pending" during that time.  Nino, 183 F.3d at 1006-1007; Raspberry v. Garcia, 448 F.3d 1150, 1153 n. 1 (9th Cir. 2006).  Similarly, no statutory tolling is allowed for the period between finality of an appeal and the filing of a federal petition.  Id. at 1007.   In addition, the limitation period is not tolled during the time that a federal habeas petition is pending.  Duncan v. Walker, 563 U.S. 167, 181-182, 121 S.Ct. 2120 (2001); see also, Fail v. Hubbard, 315 F. 3d 1059, 1060 (9th Cir. 2001)(as amended on December 16, 2002).  Further, a petitioner is not entitled to statutory tolling where the limitation period has already run prior to filing a state habeas petition.  Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); Jiminez v. White, 276 F. 3d 478, 482 (9th Cir. 2001).  Finally, a petitioner is not entitled to continuous tolling when the petitioner's later petition raises unrelated claims.  See Gaston v. Palmer, 447 F.3d 1165, 1166 (9th Cir. 2006).

　　　　Here, the documents lodged by Respondent establish that Petitioner filed the following state habeas petitions: (1) petition filed in the Superior Court of Tulare County on November 30, 2011, and

denied on January 12, 2012 (LD 6, 7, 8, 9);[2] (2) petition filed in the 5th DCA on February 17, 2012, and denied on February 29, 2012 (LD 10, 11); and (3) petition filed on March 21, 2012 in the California Supreme Court, and denied on June 27, 2012.  (LD 12, 13).

Respondent does not argue that these state petitions were not "properly filed" within the meaning of the AEDPA, nor does he argue that Petitioner is not entitled to full statutory tolling for both the pendency of those petitions and the intervals between the first and second petitions, on the one hand, and between the second and third, on the other.  Rather, Respondent argues that the one-year limitation period expired after the denial of the third petition and prior to the filing of the instant petition.  The Court agrees.

As discussed above, the one-year period commenced on April 10, 2011, and continued to run until Petitioner filed his first state habeas petition on November 30, 2011, a period of 234 days.  Thus, at that juncture, Petitioner had only 131 days remaining on his one-year limitation period.  As discussed, the limitation period was tolled during the pendency of the three state habeas petitions; however, it commenced again on June 28, 2012, the day following the denial of Petitioner's final state petition by the California Supreme Court.  The one-year period continued to run unabated until it expired 131 days later, i.e., on November 6, 2012.  As discussed, the instant petition was filed on January 14, 2013, over two months after the one-year period expired.  Thus, unless Petitioner is entitled to equitable tolling, the petition is untimely.

D.  <u>Equitable Tolling</u>.

The running of the one-year limitation period under 28 U.S.C. § 2244(d) is subject to equitable tolling in appropriate cases. See <u>Holland v. Florida</u>, __U.S.__, 130 S.Ct. 2549, 2561 (2010); <u>Calderon v. United States Dist. Ct.</u>, 128 F.3d 1283, 1289 (9th Cir. 1997).  The limitation period is subject to equitable tolling when "extraordinary circumstances beyond a prisoner's control make it impossible to file the petition on time." <u>Shannon v. Newland</u>, 410 F. 3d 1083, 1089-1090 (9th Cir. 2005)(internal quotation marks and citations omitted).  "When external forces, rather than a petitioner's lack of

---

[2] In computing the running of the statute of limitations, the day an order or judgment becomes final is excluded and time begins to run on the day after the judgment becomes final.  See <u>Patterson v. Stewart</u>, 251 F.3d 1243, 1247 (9th Cir. 2001) (Citing Rule 6 of the Federal Rules of Civil Procedure).

6

1  diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations
2  may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). "Generally, a litigant
3  seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing
4  his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland, 130
5  S.Ct. at 2652; Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005). "[T]he threshold
6  necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule."
7  Miranda v. Castro, 292 F. 3d 1062, 1066 (9th Cir. 2002)(citation omitted). As a consequence,
8  "equitable tolling is unavailable in most cases." Miles, 187 F. 3d at 1107. Here, Petitioner has made
9  no express claim of entitlement to equitable tolling and, based on the record now before the Court, the
10 Court sees no basis for such a claim. Indeed, Petitioner has not presented any substantive response to
11 the arguments raised in the motion to dismiss. Accordingly, the Court concludes that Petitioner is not
12 entitled to equitable tolling.

13  The burden of demonstrating that the AEDPA's one-year limitation period was sufficiently
14 tolled, whether statutorily or equitable, rests with the petitioner. See, e.g., Pace v. DiGuglielmo, 544
15 U.S. 408, 418 (2005); Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2005); Smith v. Duncan, 297
16 F.3d 809, 814 (9th Cir. 2002); Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002). For the reasons
17 discussed above, the Court finds and concludes that Petitioner has not met his burden with respect to
18 the tolling issue. Accordingly, the petition is late and will therefore be dismissed.

19  Moreover, the Court declines to issue a certificate of appealability. A state prisoner seeking a
20 writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and
21 an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-336
22 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28
23 U.S.C. § 2253, which provides as follows:

24  (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit
25  in which the proceeding is held.

26  (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged
27  with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
28
   (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not

be taken to the court of appeals from—

>  (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
>  (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denied a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further'." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (*quoting* Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

In the present case, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Thus, the Court DECLINES to issue a certificate of appealability.

**ORDER**

For the foregoing reasons, the Court HEREBY ORDERS:

1. Respondent's motion to dismiss (Doc. 13), is GRANTED;
2. The petition for writ of habeas corpus (Doc. 1), is DISMISSED as untimely;
3. The Clerk of the Court is DIRECTED to enter judgment and close the file; and,
4. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **June 28, 2013**              /s/ Jennifer L. Thurston
                                         UNITED STATES MAGISTRATE JUDGE

8